IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUG VAUGHN,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVL ACTION NO. 19-CV-5880 |
| | : | |
| NINA K. MARKEY, *et al.*,<br>    Defendants. | : | |

**MEMORANDUM**

**ROBRENO, J.**                                                                    FEBRUARY 25th , 2020

Plaintiff Doug Vaughn, proceeding *pro se*, commenced this civil action against Nina K. Markey, Esquire, Martha J. Keon, Esquire, and Littler, Mendelson, P.C.[1] (ECF No. 2.) Vaughn has been granted leave to proceed *in Forma Pauperis*. (ECF No. 5.) For the following reasons, the Court will dismiss Vaughn's Complaint with prejudice.

**I.     FACTUAL ALLEGATIONS**[2]

Vaughn completed the Court's preprinted form Complaint. Therein, he alleges that the events giving rise to his claim occurred in a case before the undersigned in or about August 2012. (ECF No. 2 at 3.)[3] According to Vaughn, at that time, one of the individual Defendants was involved in an impermissible conflict of interest because her representation of one client was directly adverse to the interests of another client. (*Id.*) Vaughn continues, alleging that the attorney's representation at the time was further limited by her responsibility to a third party and

---

[1] In his Complaint, Vaughn indicated that he brings this action pursuant to the Court's federal question jurisdiction. The Court understands him to be raising claims under 28 U.S.C. § 1983. The Court notes that Vaughn filed a virtually identical action concurrently with this one, at *Vaughn v. Keon*, Civ. A. No. 19-5874.

[2] The facts set forth in this memorandum are taken from Vaughn's Complaint.

[3] The Court adopts the pagination assigned by the CM/ECF docketing system.

by her own personal interests. (*Id.*) Vaughn further alleges that Defendant Markey colluded with Defendant Keon to present a conflict of interest, and violated the Rules of Professional Conduct and other laws. (*Id.*) Defendant Littler, Mendelson, P.C., is also alleged to have been involved. (*Id.*)

Vaughn alleges that, as a result of the events giving rise to his claim, he has sustained injuries including two brain aneurysms, and that he is now permanently disabled. (*Id.* at 4.) He demands recovery of the maximum amount the Court may award, in addition to payment of his medical expenses and lost wages. (*Id.*)

The Court notes that in August 2012, Vaughn commenced an employment discrimination action, *pro se*, against Petco Animal Supplies, Inc., in this Court before the undersigned. *See Vaughn v. Petco Animal Supplies, Inc.*, Civ. A. No. 12-4353. The docket reflects that Petco was represented in that action by Defendants Keon and Markey, then associated with Defendant Littler Mendelson, P.C. *See id.* That action was dismissed following a settlement. *Id.* Though Vaughn does not reference the 2012 action in his Complaint, in a separately filed "Motion," he expressly states that "a conflict of interest existed in case Vaughn v. Petco (2:12-cv-04353)." (ECF No. 3, at 1.) Accordingly, the Court understands the current litigation as arising from the 2012 action.

The Court further notes that this is not Vaughn's first effort to revisit the 2012 action against Petco. In 2017, Vaughn, again *pro se*, commenced a § 1983 action against Defendants Markey, Keon, Littler, Mendelson, P.C., and Randall Crocker, alleging fraud on the court and default in the course of the 2012 Petco action and seeking dismissal of the judgment entered in that case. *See Vaughn v. Markey*, Civ. A. No. 17-1736. Vaughn did not succeed in opening the judgment in the 2012 case – the 2017 action was dismissed. *Id.*

## II. STANDARD OF REVIEW

Because Vaughn is proceedings *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Vaughn is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The Court must also review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Finally, a complaint is subject to dismissal on statute of limitations grounds "when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

## III. DISCUSSION

The Complaint, as presented, suffers from a host of deficiencies. Most critical – and fatal to his claim – is Vaughn's inability to state any basis for the exercise of federal jurisdiction. Vaughn purports to state a civil rights claim based upon Defendants' engagement in a representation where a conflict of interest existed. (ECF No. 2 at 2.) However, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Vaughn cannot maintain his constitutional claim against the Defendant attorneys or law firm, because "[p]rivate attorneys . . . acting on behalf of their clients are not state actors, and therefore, cannot be held liable under § 1983." *Coudriet v. Vardaro*, 545 F. App'x 99, 103 (3d Cir. 2013) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (holding that "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Thus, because the named Defendants are not state actors, their conduct cannot give rise to a § 1983 action.

Additionally, Vaughn does not identify a violation of a right secured by the Constitution and laws of the United States that could support his § 1983 claim. Vaughn identifies "conflict of interest" as providing the basis for his § 1983 claim, and alleges that the Defendant attorneys violated the Rules of Professional Conduct. (Id. at 2, 3.) The Court understands Vaughn to be referring to the Pennsylvania Rules of Professional Conduct governing attorneys. Those Rules, however, cannot provide a basis for his claim because violations of the Rules of Professional Conduct do not give rise to civil liability. *Brenco Oil, Inc. v. Blaney*, 2017 WL 6367893, at *5

(E.D. Pa. Dec. 13, 2017) (citing *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1284 (Pa. 1992) and Pa. R. Prof'l Conduct, pmbl. ¶ 19). For these reasons, Vaughn cannot state a claim giving rise to federal question jurisdiction.

To the extent Vaughn purports to allege a state law legal malpractice claim against the Defendant attorneys and law firm based on an alleged conflict of interest, this Court lacks subject matter jurisdiction over such a claim. The only independent basis for the Court's jurisdiction over state law claims is diversity jurisdiction pursuant to 28 U.S.C. § 1332, which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where the parties are diverse in citizenship, for example, where the parties are citizens of different states. "Complete diversity," as required by § 1332, requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). As alleged, however, both Vaughn and the named defendants are citizens of Pennsylvania. (ECF No. 2 at 2.) Accordingly, this Court may not exercise jurisdiction over any state law claim Vaughn may seek to assert.[4]

Finally, the Complaint, on its face, is time-barred. The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute

---

[4] It is also unlikely that Vaughn's Complaint satisfies the requirements of Rule 8, because though Vaughn alleges that the Defendant attorneys were engaged in a representation flawed by a conflict of interest, he does not allege that they represented him, or how the alleged conflict of interest resulted in the injuries he alleges. His Complaint does not "provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted). It is, therefore, also subject to dismissal under Rule 8.

of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, the limitations period applicable to Vaughn's § 1983 claim and to any claim arising under Pennsylvania law is two years. The Complaint clearly states that the actions giving rise to the claim occurred "on or about August 2012." (*See* ECF No. 2 at 3.) Vaughn did not file this action until December 2019, more than 5 years after the expiration of the applicable statute of limitations. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017). Vaughn's claim is time-barred and must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Vaughn's Complaint. Vaughn will not be permitted to file an amended complaint because he cannot cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Vaughn's "Motion," which seeks unspecified relief, is also denied. An appropriate Order follows.